UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No._____

JOSE JARAMILLO, LUZ GIRALDO, and )
other similarly situated individuals, )
)
        Plaintiffs, )
)
v. )
)
SUSHI REPUBLIC, INC. and TAKAHIRO )
KOHARA, )
)
        Defendants. )
)
)

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiffs, JOSE JARAMILLO, LUZ GIRALDO, and other similarly situated individuals, sue the Defendants, SUSHI REPUBLIC, INC. and TAKAHIRO KOHARA, and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs, JOSE JARAMILLO and LUZ GIRALDO ("Plaintiffs"), are residents of Broward County, Florida, within the jurisdiction of this Honorable Court. PLAINTIFFS are covered employees for purposes of the Act.

3. Defendants, SUSHI REPUBLIC, INC. (the "Corporate Defendant") and TAKAHIRO KOHARA (the "Individual Defendant") (collectively the "Defendants"), are a Florida Profit corporation and a Florida resident, respectively, having their main place of

business in Miami-Dade County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, lives in Miami-Dade County, Florida.

4. The Corporate Defendant is an enterprise owned or controlled by The Individual Defendant.

5. The Corporate Defendant is under the administration and control of The Individual Defendant.

**COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION
BY *JOSE JARAMILLO* AGAINST *THE CORPORATE DEFENDANT***

6. Plaintiff, JOSE JARAMILLO ("Jaramillo") re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

7. This action is brought by Jaramillo and those similarly situated to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. 29 U.S.C. § 206(a)(1) states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

10. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour. In 2015-2016, the Florida minimum wage was $8.05 per hour. In 2017, the Florida minimum wage is $8.10 per hour. Pursuant to 29 C.F.R. § 541.4, the Corporate Defendant must comply with paying Florida minimum wages to its non-exempt employees.

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or PLAINTIFF, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in 29 U.S.C. § 203(r) and 203(s) and/or Jaramillo, and those similarly situated, were engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a sushi restaurant and, through its business activity, affects interstate commerce. Jaramillo's work for the Corporate Defendant likewise affects interstate commerce. Jaramillo was employed by the Corporate Defendant as a dishwasher and delivery person for the Corporate Defendant's business.

13. While employed by the Corporate Defendant, Jaramillo routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. Jaramillo was employed as a dishwasher and delivery person, performing the same or similar duties as that of those other similarly situated dishwashers/delivery persons whom Jaramillo observed working in excess of 40 hours per week without overtime compensation.

14. Jaramillo was paid approximately $410 per week and he worked approximately 61 hours per week for the Corporate Defendant.

15. However, the Corporate Defendant never properly compensated Jaramillo at the minimum wage rate or paid him overtime wage for the hours that he worked in excess of 40 hours per week. Jaramillo was employed by the Corporate Defendant between August 20, 2011, and February 3, 2017. Jaramillo seeks to recover for unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this complaint.

16. Whether the Corporate Defendant applied a "tip credit" or not to Jaramillo's pay is irrelevant because the Corporate Defendant never properly paid minimum wage or overtime wage to Plaintiff.

17. If the Corporate Defendant claims a "tip credit," such credit is unavailing because the Corporate Defendant failed to comply with the reduced minimum wage allowed for tipped employees. Therefore, Jaramillo is entitled to be paid the full minimum wage for all hours he worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

18. Prior to the completion of discovery and to the best of Jaramillo's knowledge, at the time of the filing of this complaint, Jaramillo's good faith estimate of his unpaid wages is as follows:

   a. **Minimum Wages**

      i. From February 16, 2014 through December 31, 2014 (45 weeks)
         1. $410/61 = $6.72 -$7.93 = $1.2086 x 61 x 45 = $3,317.61
      ii. From January 1, 2015 through December 31, 2015 (52 weeks)
         1. $410/61 = $6.72 -$8.05 = $1.33 x 61 x 52 = $4,218.76
      iii. From January 1, 2016 through December 31, 2016 (52 weeks)
         1. $410/61 = $6.72 -$8.05 = $1.33 x 61 x 52 = $4,218.76
      iv. From January 1, 2017 through February 3, 2017 (5 weeks)
         1. $410/61 = $6.72 -$8.10 = $1.38 x 61 x 5 = $420.90

      Total: $12,176.03
      Liquidated Damages: $12,176.03
      **Grand Total: $24,352.05**

   b. **Overtime Wages**

      i. From February 16, 2014 through December 31, 2014 (45 weeks)
         1. $7.93 x .5 x 21 x 45 = $3,746.93
      ii. From January 1, 2015 through December 31, 2015 (52 weeks)
         1. $8.05 x .5 x 21 x 52 = $4,395.30
      iii. From January 1, 2016 through December 31, 2016 (52 weeks)

1. $8.05 \times .5 \times 21 \times 52 = \$4,395.30$
   iv. <u>From January 1, 2017 through February 3, 2017 (5 weeks)</u>
   1. $8.10 \times .5 \times 21 \times 5 = \$425.25$

Total: $12,962.78
Liquidated Damages: $12,962.78
**Grand Total: $25,925.56**

    c. **Grand Total**: $50,277.61, plus reasonable attorney's fees and costs.

19. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Jaramillo, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act. Furthermore, the Corporate Defendant did not abide by the Federal law requiring that employees be paid at least a minimum wage. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are/were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid minimum wages or paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

20. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages Act and remains owing Jaramillo, and those similarly situated, these minimum and overtime wages since the commencement of Jaramillo's, and those similarly situated employees', employment with the Corporate Defendant as set forth above, and Jaramillo, and those similarly situated, are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by

Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

21. The Corporate Defendant willfully and intentionally refused to pay Jaramillo minimum and overtime wages as required by the laws of the United States as set forth above and remains owing Jaramillo these minimum and overtime wages since the commencement of Jaramillo's employment with the Corporate Defendant as set forth above.

22. The Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Jaramillo and of all payments made to Jaramillo pursuant to the Act and the Code of Federal Regulations.

23. Jaramillo has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Jaramillo, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Jaramillo, and others similarly situated, and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Jaramillo actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award Jaramillo an equal amount in double damages/liquidated damages; and

D. Award Jaramillo reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Jaramillo, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

**COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *LUZ GIRALDO* AGAINST *THE CORPORATE DEFENDANT***

24. Plaintiff, LUZ GIRALDO ("Giraldo") re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

25. This action is brought by Giraldo, and those similarly situated, to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

26. Section 206(a)(1) of the Act states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

27. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

28. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour. In 2015-2016, the Florida minimum wage was $8.05 per hour. Pursuant to 29 C.F.R. § 541.4, the Corporate Defendant must comply with paying Florida minimum wages to its non-exempt employees.

29. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, the Corporate

Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Giraldo, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

30. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s) and/or Giraldo, and those similarly situated, were engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a sushi restaurant and, through its business activity, affects interstate commerce. Giraldo's work for the Corporate Defendant likewise affects interstate commerce. Giraldo was employed by the Corporate Defendant as a dishwasher for the Corporate Defendant's business.

31. While employed by the Corporate Defendant, Giraldo routinely worked approximately 18 hours per week without being compensated at the correct minimum wage rate. Giraldo was employed as a dishwasher, performing the same or similar duties as that of those other similarly situated dishwashers whom Giraldo observed working without getting paid minimum wages.

32. Giraldo was paid approximately $110 per week and she worked approximately 18 hours per week for the Corporate Defendant. In other words, the Corporate Defendant paid approximately $6.11 per hour to Giraldo.

33. Giraldo was employed by the Corporate Defendant between 2013 and August of 2016. Giraldo seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this complaint.

34. Prior to the completion of discovery and to the best of Giraldo's knowledge, at the time of the filing of this complaint, Giraldo's good faith estimate of unpaid wages is as follows:

**Minimum Wages**

i. <u>From February 16, 2014 through December 31, 2014 (45 weeks)</u>
    1. $6.11 - $7.93 = $1.82 x 18 x 45 = $1,474.20
ii. <u>From January 1, 2015 through December 31, 2015 (52 weeks)</u>
    1. $6.11 - $8.05 = $1.94 x 18 x 52 = $1,815.84
iii. <u>From January 1, 2016 through August of 2016 (32 weeks)</u>
    1. $6.11 - $8.05 = $1.94 x 18 x 32 = $1,117.44

Total: $4,407.48
Liquidated Damages: $4,407.48
**Grand Total: $8,814.96 plus reasonable attorney's fees and costs.**

35. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Giraldo, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the correct minimum wage rate. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are/were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid minimum wages.

36. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing Giraldo, and those similarly situated, these minimum wages since the commencement of Giraldo's, and those similarly situated employees', employment with the Corporate Defendant as set forth above, and Giraldo, and those similarly situated, are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

37. The Corporate Defendant willfully and intentionally refused to pay Giraldo minimum wages as required by the laws of the United States as set forth above and remains owing Giraldo these minimum wages since the commencement of Giraldo's employment with the Corporate Defendant as set forth above.

38. The Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Giraldo and of all payments made to Giraldo pursuant to the Act and the Code of Federal Regulations.

39. Giraldo has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Giraldo, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Giraldo, and others similarly situated, and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Giraldo actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Giraldo an equal amount in double damages/liquidated damages; and

D. Award Giraldo reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

**JURY DEMAND**

Giraldo, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

**COUNT III: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *BOTH PLAINTIFFS* AGAINST *THE INDIVIDUAL DEFENDANT***

40. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 above as if set out in full herein.

41. At the times mentioned, the Individual Defendant was, and is now, the President/Officer/Director and/or owner of the Corporate Defendant. The Individual Defendant was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly in the interests of the Corporate Defendant in relation to its employees, including Plaintiffs and others similarly situated. The Individual Defendant had operational control of the business and is jointly and severally liable for Plaintiffs' damages.

42. The Individual Defendant was and is, at all times relevant, a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

43. The Individual Defendant willfully and intentionally caused Plaintiffs not to receive minimum wages (and overtime compensation in the case of Jaramillo only) as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum

wages (and overtime compensation in the case of Jaramillo only) since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

44. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Plaintiffs, and other similarly situated, and against The Individual Defendant on the basis of The Individual Defendant' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: February 21, 2017.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549